89 F.3d 846
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Stanley ROSS; Mary L.V. Ross, Plaintiffs-Appellants,
v.
C & C INTERNATIONAL YACHTS LIMITED, a/k/a C & C
International Yachts, Ltd.; C & C International Yachts, all
doing business under their own names and/or under the
following names: C & C Industries Limited a/k/a C & C
Industries, Ltd., C & C Industries, C & C Yachts Limited
a/k/a C & C Yachts Ltd., C & C Yachts; Rob Turner; Anthony
Koo; Frank Chao, individually and in his capacity as Chair
of the "Hong Kong Investor Group" which purchased the assets
of C & C Yachts, and all other members of the "Hong Kong
Investor Group", and the Hong Kong Investor Group,
Defendants-Appellees.
 No. 95-55958.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 8, 1996.
Decided June 25, 1996.
 
 Before: REINHARDT, KOZINSKI and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 A civil plaintiff is allowed one, automatic, amendment to his pleading before responsive pleadings are filed. Fed.R.Civ.P. 15(a). The district court therefore erred in dismissing appellants' case after the first complaint. Under Fed.R.Civ.P. 8(a), appellants' complaint had to contain "a short and plain statement of the grounds upon which the court's jurisdiction depends." Appellants' second proposed complaint stated that the plaintiffs were citizens of California and that the members of the Hong Kong investor group were Hong Kong citizens. It also stated that the investor group itself, to the extent it had legal status, wasn't formed under the laws of California, had no place of business in California, and (by virtue of the stating the citizenship of its members) that it had no members in California. These allegations were sufficient to state that the suit was "between ... citizens of a State and citizens or subjects of a foreign state." 28 U.S.C. § 1332(a)(2). The time to prove the defendants' citizenship will come later, after discovery.
 
 
 3
 REVERSED AND REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS MEMORANDUM.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3